# United States Court of Appeals
# for the Fifth Circuit

No. 20-50368
CONSOLIDATED WITH
No. 20-50386
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 11, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

FELIX LOPEZ-GONZALEZ,

*Defendant—Appellant.*

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:19-CR-899-1
USDC No. 4:19-CR-369-1

Before DAVIS, STEWART, and DENNIS, *Circuit Judges*.

PER CURIAM:*

Felix Lopez-Gonzalez appeals his within-guidelines prison sentence of 16 months, which the district court imposed following his guilty plea

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-50368
c/w No. 20-50386

conviction of illegal reentry after deportation, in violation of 8 U.S.C. § 1326. Raising arguments discussed below, he contends that the sentence is substantively unreasonable.   Additionally, Lopez-Gonzalez appeals a separate 10-month prison sentence imposed following revocation of a supervised release term.  As to this sentence, his arguments focus on the aggregate 26-month prison term he must serve in light of the district court's decision to impose the 10-month sentence consecutively to the 16-month sentence.

When the district court imposes a sentence within a properly calculated guidelines range, the sentence is presumptively reasonable on appeal. *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).  To rebut the presumption, Lopez-Gonzalez must show "that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *Id.*

First, Lopez-Gonzalez argues that the presumption should not apply because the illegal reentry Guideline, U.S.S.G. § 2L1.2, lacks an empirical basis.  As he correctly concedes, this issue is foreclosed. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366 (5th Cir. 2009).  Further, we have previously rejected Lopez-Gonzalez's next arguments that a within-guidelines sentence is unreasonable because illegal reentry is a nonviolent trespass offense, *see United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008), and because § 2L1.2 effectively double counts prior convictions, *see Duarte*, 569 F.3d at 529-31.

Lopez-Gonzalez has not rebutted the presumption of reasonableness. *See Cooks*, 589 F.3d at 186.  His benign motives for returning to this country are insufficient. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66

No. 20-50368
c/w No. 20-50386

(5th Cir. 2008).  The district court considered Lopez-Gonzalez's arguments in favor of a lower sentence and was in the best position to find facts and judge their importance.  *See United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008).  The court's decision is entitled to deference.  *See id.*

Insofar as Lopez-Gonzalez challenges the district court's imposition of consecutive sentences, his challenge is unavailing.  Because his 10-month revocation sentence falls within the applicable advisory range and is consistent with the mandate of U.S.S.G § 7B1.3(f), p.s., it is entitled to a presumption of reasonableness.  *See United States v. Lopez-Velasquez*, 526 F.3d 804, 808-09 (5th Cir. 2008).  Lopez-Gonzalez makes no effort to rebut the presumption.  *See id.*

The judgment of the district court is AFFIRMED.